GARFIELD DAVIS AND WIFE, LONA MAE DAVIS v. ROY LEE McREE AND WIFE, DEAN C. McREE, FIRST SOUTHERN SAVINGS AND LOAN ASSOCIATION, AND THOMAS J. WILSON, TRUSTEE

No. 7825SC372

(Filed 6 March 1979)

1. **Landlord and Tenant § 13.2; Vendor and Purchaser § 2.3— lease with option to purchase—extension of lease—extension of option**

   Where the original lease of property containing an option to purchase extended from 1 February 1971 through 31 January 1974, and the parties later placed on the printed lease a handwritten agreement stating that "The term of this lease shall be from January 31, 1974 through January 31, 1976," the trial court properly determined that the extension applied to the entire lease agreement, including the option to purchase, and not only to the period of occupancy of the leased premises.

2. **Vendor and Purchaser § 1.3— lease with option to purchase—application of rental payments—amount due for purchase**

   The trial court property charged that the balance of the purchase price of property under an option to purchase in a lease was the difference between the agreed purchase price and any monthly rental sums paid to the sellers by the purchaser during the entire extended period of the lease where the option stated that "all payments made as rental under this lease shall . . . be applied as a part of the purchase price," and plaintiff sellers presented no evidence that anything other than the plain meaning of this language was intended.

3. **Deeds §§ 7.3, 8; Vendor and Purchaser § 1.4— action to set aside deed—contention that option properly exercised—no affirmative defense —burden of proof**

   In an action to set aside a deed on the grounds that it was recorded without plaintiffs' authorization and was not supported by adequate consideration, defendants' contention that they properly exercised an option to purchase the property did not constitute an affirmative defense for which they had the burden of proof, and the trial court did not improperly place the burden of proof on plaintiffs by instructing that plaintiffs had the burden of proving that defendants did not exercise the option to purchase according to its terms.

APPEAL by plaintiffs from *Ferrell, Judge.* Judgment entered 23 November 1977 in Superior Court, CATAWBA County. Heard in the Court of Appeals 1 February 1979.

Plaintiffs bring this action to have a deed and a deed of trust cancelled on the grounds that they were recorded without plaintiffs' authorization and were not supported by adequate consideration.

In December 1971 plaintiffs and defendant Dean McRee entered into a lease which contained an option to purchase:

> During the term of this Lease, the Lessee shall have the right to purchase the Demised Premises for a purchase price of Twelve Thousand ($12,000.00) Dollars; all payments made as rental under this lease shall, in the event this option is exercised, be applied as a part of the purchase price.

On 13 November 1975 plaintiffs executed a deed to the property to defendants, and that deed and a deed of trust from defendants to First Southern Savings & Loan Association were recorded. When the attorney for First Southern searched the title, he found an outstanding deed of trust to First Federal Savings & Loan. First Southern then computed the outstanding balance on the purchase price in accordance with the option terms, taking into account the outstanding deed of trust, but plaintiffs refused to accept the tendered $4,850. Plaintiffs also testified that in early 1975 the parties had agreed that the purchase price would be raised to $12,650 because of a new roof plaintiffs had put on the building; defendants denied this.

The jury found that defendant had exercised the option, and that the balance of the purchase price was $4,750. Plaintiffs appeal.

*Williams, Pannell & Lovekin, by Martin C. Pannell, for plaintiff appellants.*

*Lefler, Gordon & Waddell, by Lewis E. Waddell, Jr. and John F. Cutchin, for defendant appellees McRee.*

*Wilson & Lafferty, P.A., by John O. Lafferty, Jr., for defendant appellees Wilson and First Southern Savings & Loan Association.*

ARNOLD, Judge.

[1]   The original lease extended from 1 February 1971 through 31 January 1974. However, there appears handwritten in two places on the printed lease the statement "The term of this lease shall be from January 31, 1974 through January 31, 1976." This sentence is dated 13 August 1974, and is signed by the parties in the second place where it appears. Before trial the parties stipulated that this handwriting "is a valid and binding agreement upon the parties." The court then asked the plaintiffs whether they wished to offer evidence to "explain the writing or to otherwise indicate what the intent of the parties was with regard to that language." Plaintiffs answered "No," and the court ruled that the lease and all of its contents were in effect through 31 January 1976, and specifically that the option provisions applied during that period. Plaintiffs assign error to that ruling, and argue that the agreement of 13 August 1974 was a new and independent agreement rather than an extension or renewal of the original lease. Plaintiffs' position is that the extension applied only to the period of occupancy, not the entire lease agreement, so that the option was not extended.

A determination of whether the term of the option was extended turns on the intent of the parties. If it is the *lease* which is renewed and continued, the option is extended. If it is merely the *tenancy* which is continued, the option does not extend. *See* 49 Am. Jur. 2d, Landlord & Tenant § 383; 15 A.L.R. 3d 470 § 5. Each case, then, must be decided on its own facts.

On cross-examination by plaintiffs' attorney, defendant testified about the making of the handwritten agreement of 13 August 1974:

> When Mr. Davis came to my shop to renew the lease, I said, 'Mr. Davis, let's have another lease drawn up — your lawyer or whoever.' And he said, 'Why pay a lawyer . . . to do this. We can just bind the agreement, the same terms we both agreed upon in the original lease.' . . . I dated it so that it ran from January 31, 1974 because we were just exercising the same and original lease . . . and tacking on through 1976.

No other testimony concerning the intent of the parties appears in the record. There are, however, other indications of the par-

ties' intent. The handwritten agreement says, "The term of this *lease.*" (Emphasis added.) Plaintiff, Garfield Davis, testified, "I had a conversation with Mr. Charlie Little of First Southern Savings & Loan in which he advised me of how much money was due under the *lease agreement.* . . . I went down there to sign the deed and get the money I felt was due *under the lease.*" (Emphasis added.) In view of the evidence supporting the trial court's ruling, and the fact that the plaintiffs declined at trial to offer any evidence in support of the position they take here, we hold that plaintiffs cannot prevail on this assignment of error.

[2]  Plaintiffs next assign error to the court's charge to the jury that "[t]he balance of the purchase price is the difference between the agreed purchase price and any monthly rental sums paid to the plaintiffs by the defendant during the entire period of the lease." Plaintiffs argue that the intent of the parties was that rent for a maximum of twelve months should be applied toward the purchase price. However, the option clearly states that "all payments made as rental under this lease shall . . . be applied as a part of the purchase price," and plaintiffs presented no evidence that anything other than the plain meaning of this language was intended. We have already upheld the trial court's ruling that the entire lease was extended, and we find no error in the charge.

[3]  Error is also assigned to the submission of the first issue to the jury as follows:

> The first issue for your consideration reads as follows: "Did the defendant, Dean C. McRee, exercise the option to purchase the property in question according to the terms of the lease?"

> Now, Members of the Jury, on this issue, the burden of proof is upon the Plaintiff to satisfy you the jury from the evidence and by its greater weight that the defendant, Dean C. McRee, did not exercise the option to purchase the property in question according to the terms of the lease.

Plaintiffs argue that defendants raised the option as an affirmative defense, thereby shifting the burden of proof regarding the option away from plaintiffs. While we feel it might have been better for the trial court to phrase the issue as raised by plaintiffs, that is, whether the deed was recorded without authoriza-

tion by the plaintiffs, and without sufficient consideration, we do not find that defendants raised an affirmative defense which required them to carry the burden of proof. The plaintiffs' complaint alleged the lack of authorization and consideration for the recording of the deed. Defendants did not admit these matters. "Affirmative defenses . . . admit the matters . . . alleged by the plaintiff but assert other matters which, if true, will defeat plaintiff's right to recover." 6 Strong's N.C. Index 3d, Evidence § 9 at 26. The burden upon plaintiffs to prove their contentions was not shifted simply by the trial court's phrasing of the issue.

Plaintiffs next contend that it was error for the trial court to fail to submit to the jury their requested instructions on the issue of tender. We find that the instructions on tender given by the court were sufficient. Moreover, we note that since tender was not put in issue by the pleadings there was no error in the denial of a requested instruction on the subject. *Moore v. Ins. Co.*, 266 N.C. 440, 146 S.E. 2d 492 (1966).

We have considered plaintiffs' other assignments of error and we find that they are also unavailing.

No error.

Judges PARKER and WEBB concur.